# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-342-FDW

| | |
|---|---|
| HARRY JAMES JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 10), and on Petitioner's Motion to Appoint Counsel, (Doc. No. 8).

**I. BACKGROUND**

Pro se Petitioner is a prisoner of the State of North Carolina who pled guilty on February 18, 2013, in Cleveland County Superior Court to first-degree kidnapping, assault inflicting serious injury, and assault by strangulation, and was sentenced to consecutive terms of 88-115 months and 21-26 months suspended for 60 months, in cases 11 CRS 52678-79, and 2325. See (Doc. Nos. 11-2; 11-3). Petitioner was represented by John D. Church at trial and Petitioner did not appeal. On September 27, 2013, Petitioner filed a pro se motion for appropriate relief ("MAR") in Cleveland County Superior Court. (Doc. No. 1-1 at 1). On October 2, 2013, the MAR Court denied the MAR. (Id. at 7-8). On October 29, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Id. at 9-13). On November 14, 2013, the North Carolina Court of Appeals denied the petition for certiorari. (Doc. No. 11-4).

Petitioner placed the petition in the prison system for mailing on November 22, 2013, and it was stamp-filed in this Court on December 30, 2013. (Doc. No. 1). On February 18, 2014,

1

and March 12, 2014, Petitioner filed motions to amend, essentially setting forth additional arguments supporting his original grounds for relief contained in his federal habeas application form. (Doc. Nos. 4; 5). This Court granted the motions on March 18, 2014. (Doc. No. 6). On March 31, 2014, Respondent filed the pending motion for summary judgment. (Doc. No. 10). On April 3, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion. (Doc. No. 12). On April 10, 2014, Petitioner filed a response to the summary judgment motion. (Doc. No. 13).

Petitioner brings the following grounds for relief in his petition: (1) he received ineffective assistance of counsel because his lawyer did not respond or discuss his case, did not advise him or inform him of the evidence, did not send him for outside evaluations, and threatened him to take a plea or go to trial that day knowing that counsel was unprepared to defend him; (2) the prosecutor intentionally delayed calendaring a hearing on the pending appeal of Petitioner's prior conviction for violating a domestic protective order, knowing that Petitioner had already served the sentence on that conviction; (3) Petitioner's state and federal constitutional right to a jury trial was denied because he completed serving his 150-day sentence on the domestic protective order violation conviction even though his appeal was pending and this charge was dismissed; and (4) to gain a tactical advantage, the prosecutor would not hear Petitioner's pending appeal and would not calendar a hearing and this would have made all the difference in the world to the outcome of a trial on the convictions Petitioner challenges in this action.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

**B.  Section 2254 Standard**

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> 
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and

finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)).  A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'"  Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Walker v. Martin, 131 S.Ct. 1120, 1127 (2011) (internal quotations and citations omitted).  "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits."  Id. (citation omitted).  A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. §

4

2254(b)(1)(A).

### III. DISCUSSION

#### A. Ground One

In his first ground for relief, Petitioner contends that he received ineffective assistance of counsel because trial counsel did not respond to Petitioner or discuss his case with him, did not advise Petitioner or inform him of the evidence against him, did not send him for outside evaluations, and threatened him to take a plea or go to trial that day knowing that counsel was unprepared. As the Supreme Court explained in Hill v. Lockhart, 474 U.S. 52, 57 (1985), the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance claims involving the plea process. Pursuant to that test, to prevail on an ineffective assistance claim, a petitioner must establish that (1) counsel's performance was deficient and (2) there is a reasonable probability that the deficiency prejudiced the defendant. Strickland, 466 U.S. at 687, 694. Generally speaking, to establish prejudice under Strickland, the petitioner must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When an ineffective assistance claim arises in the plea context, the Supreme Court has said that the Strickland prejudice inquiry focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. Moreover, a petitioner can show prejudice by establishing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 57-59.

Petitioner raised the substance of his ineffectiveness claim in his MAR, and the MAR Court denied the MAR on the merits. The MAR Court's adjudication of Petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law, as

5

determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. First, all of Petitioner's assertions regarding his counsel's performance are unsupported and conclusory. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). In response to the summary judgment motion, Petitioner has submitted a two-page declaration in which he sets forth a legal argument for why summary judgment should be denied, but he fails to present any admissible evidence on summary judgment raising an issue of material fact as to whether trial counsel's performance was deficient. See (Doc. No. 13-1). Moreover, as to the prejudice prong of Strickland, he does not even contend that, absent counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 57-59.

Furthermore, Petitioner's first ground for relief is belied by the sworn, executed transcript of plea, in which Petitioner swore, under oath and in open court, that he could hear and understand the trial judge; that he had discussed his case with his lawyer, who explained the nature of the charges and the elements of each charge; that he had discussed possible defenses with his counsel; and that he was satisfied with his lawyer's legal representation. (Doc. No. 11-2). Petitioner swore that no one made any other promises or threatened him in any way in order to cause him to plead guilty against his wishes. (Id.). He also swore that he entered his plea freely, understanding what he was doing. (Id.). The trial court then sentenced Petitioner in compliance with this agreement, giving him the full benefit of his bargain. (Doc. No. 11-3). Furthermore, defense counsel certified that he explained to Petitioner the nature and elements of the charges to which he pled guilty. (Doc. No. 11-2). The prosecutor also certified that the terms and conditions of the plea were correct. (Id. at 4).

Absent compelling circumstances not shown here, Petitioner is bound by his solemn, in-

court representations during the plea colloquy. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In addition, the trial court specifically found as a fact that there was a factual basis for the entry of the plea, Petitioner was satisfied with his lawyer's legal services, he was competent to stand trial, and the plea was an informed choice made freely, voluntarily, and understandingly. (Doc. No. 11-2 at 5). The trial court's findings in accepting the plea are supported by Petitioner's responses during the plea colloquy and are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). Petitioner has the burden to rebut these findings by clear and convincing evidence, which he has not and cannot do here. See id.

In sum, for the reasons stated herein, Petitioner's first ground for relief is denied.

**B. Ground Two**

In his second ground for relief, Petitioner contends that the prosecutor intentionally put off calendaring a pending appeal on a conviction for violating a domestic protective order. Specifically, while Petitioner had been placed on bond for the charges and subsequent convictions he challenges here, he was arrested for violation of a domestic protective order and was subsequently found guilty. See (Doc. No. 1-1 at 2). He appealed that conviction and then served the full, 150-day sentence in prison while the appeal was pending. Petitioner alleges that the prosecutor refused to calendar a hearing on his appeal, and he contends that the prosecutor knew that the State's witnesses would likely have perjured themselves if he received a new trial. (Id. at 4-5). The conviction on the violation of the domestic protective order was dismissed in exchange for Petitioner's plea agreement on the assault and kidnapping convictions he challenges here. See (Id. at 5). Petitioner contends that if he "had been given a new trial [on the domestic protective order charge] there would have been a different result[] in the kidnapping and assault[] convictions." (Id. at 2).

7

Petitioner is essentially raising a claim of prosecutorial misconduct. To establish prosecutorial misconduct, Petitioner must show that (1) the government's conduct was improper; and (2) the conduct prejudicially affected substantial rights so as to deprive defendant of a fair trial. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007) (citing United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999)). The Supreme Court has held that, to rise to the level of a due process violation, "the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." Greer v. Miller, 483 U.S. 756, 765 (1987) (quotations and citations omitted).

Petitioner raised the substance of his second ground for relief in his MAR, and the MAR Court denied the MAR on the merits. The MAR Court's adjudication of this claim was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner has simply not shown that the prosecution's alleged refusal to calendar a hearing on the appeal in Petitioner's conviction for violation of a domestic violence protection order was improper or, more significantly, how it prejudiced Petitioner with regard to the assault and kidnapping convictions he challenges here. Furthermore, by entering his guilty plea, Petitioner specifically waived the right to bring the prosecutorial misconduct claim he brings here. See Tollett v. Henderson, 411 U.S. 258, 266 (1973) (a defendant's guilty plea waives all non-jurisdictional errors occurring before the guilty plea); United States v. Broce, 488 U.S. 563, 574-76 (1989) (Tollett bars pre-plea claims of prosecutorial misconduct unless it appears from the face of the indictment or the record at the time that a defendant entered his guilty plea that the government lacked the power to initiate prosecution at all).

In sum, for the reasons stated herein, Petitioner's second ground for relief is denied.

**C. Ground Three**

In his third ground for relief, Petitioner contends that his state and federal constitutional right to a jury trial was denied because he completed the 150-day sentence on the domestic violence protective order violation before that charge was dismissed. See (Doc. No. 1-1 at 7). Petitioner raised the substance of his third ground for relief in his MAR, and the MAR Court denied the MAR on the merits. The MAR Court's adjudication of this claim was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[1] First, to the extent Petitioner is raising a state constitutional claim, it is non-cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Next, to the extent that Petitioner may be asserting he is entitled to time served on his dismissed domestic violence charge, against his current 88-115 and 21-26 month sentences for first-degree kidnapping, assault inflicting serious injury, and assault by strangulation, he is incorrect. These are separate charges for separate crimes, with different essential elements under state law, and separate sentences. See (Doc. Nos. 1-1 at 14; 11-2; 11-

---

[1] Although Petitioner raises his claim here as one under the Sixth Amendment right to jury trial, the MAR Court understood Petitioner to be bringing a double jeopardy claim and rejected any such claim. See (Doc. No. 1-1 at 7). Regardless of whether the claim here is brought as a right to jury trial claim or a double jeopardy claim, the MAR Court's adjudication of Petitioner's claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law. See, e.g., United States v. Dixon, 509 U.S. 688 (1993) (rejecting "same conduct" test for determining double jeopardy and reaffirming "same elements" test of Blockburger v. United States, 284 U.S. 299 (1932)); Jones v. Sussex I State Prison, 591 F.3d 707, 710 (4th Cir. 2010) ("[W]hen the charged offenses violate state law, the double jeopardy analysis hinges entirely on the state-law question of what quantum of punishment the state legislature intended. Once a state court has answered that state-law question, there is no separate federal constitutional standard requiring that certain actions be defined as single or as multiple crimes.") (internal citation and alteration omitted)).

9

3).  In any event, the two assaults were consolidated into one judgment and one 21-26 month sentence, suspended for 60 months.  (Doc. No. 11-3 at 4).  Thus, for practical purposes, the two assaults constitute one offense.  Petitioner was, therefore, not entitled to have the 150 days served on the violation of a domestic protective order charge applied to the sentences on the convictions he challenges here.  Finally, as with his second ground for relief, by entering his knowing, voluntary, and counseled guilty plea, he waived the right to bring his third ground for relief.  See Tollett v. Henderson, 411 U.S. at 267.

In sum, for the reasons stated herein, Petitioner's third ground for relief is denied.

**D.  Ground Four**

In his fourth ground for relief, Petitioner contends that, to gain a tactical advantage, the prosecutor refused to calendar a hearing on Petitioner's pending appeal on Petitioner's conviction for violation of a domestic protective order conviction.  Petitioner states that if he had been given a new trial on the domestic protective order violation, there would have been a different result in the convictions he challenges here.  Petitioner's fourth ground for relief is essentially a re-phrasing of his second and third grounds, and it will be denied for the same reasons the Court is denying his second and third grounds.

In sum, for the reasons stated herein, Petitioner's fourth ground for relief is denied.

**IV.    CONCLUSION**

For the reasons stated herein, Respondent is entitled to summary judgment on all of Petitioner's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**, and the petition is **DENIED** and **DISMISSED**.

2. Petitioner's Motion to Appoint Counsel, (Doc. No. 8), is **DENIED**.

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 25, 2014

Frank D. Whitney
Chief United States District Judge